IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CLIFFORD WILLIAM STIBER<br><br>Defendant | CASE NUMBER: 3:12-CR-51-001 (CAR)<br>USM Number: 96131-020<br><br>EDWARD D. TOLLEY<br>DEFENDANT'S ATTORNEY |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 1 and 3 of the Indictment on 05/09/2013.

The defendant is adjudicated guilty of these offenses:

| Title, Section & Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:846 i/c/w 841(a)(1) and (b)(1)(B) Conspiracy to Possess With Intent to Distribute Marijuana | 08/31/2012 | 1 |
| 18:924(c)(1)(A)(i) Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 08/31/2012 | 3 |

The defendant is sentenced as provided in pages **2 through 5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**Count(s) 2 of the Indictment is dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
February 25, 2014

C. ASHLEY ROYAL
CHIEF U.S. DISTRICT JUDGE

March 3, 2014

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **25 months as to Count 1, 25 months as to Count 2 to be served consecutively for a total of 50 months of imprisonment.**

The Court makes the following recommendation(s) to the Bureau of Prisons:

1. **The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the Residential Drug Abuse Program (RDAP) while confined.**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____,

20____ to _____, with a certified copy of this

judgment.

UNITED STATES MARSHAL

BY: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

1. **The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

2. **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page(s).

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. **You shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise participation in the program by approving the program, administering the testing and supervising the treatment. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing any applicable third-party payment such as insurance and Medicaid.**

2. **You shall participate in a mental health treatment program and comply with the treatment regimen of the mental health provider. The U.S. Probation Office shall administratively supervise participation in the program by approving the program and monitoring your participation in the program.**

3. **You shall provide the probation officer with access to any requested financial information upon request.**

Defendant: CLIFFORD WILLIAM STIBER
Case Number: 3:12-CR-51-001 (CAR)
Page 5 of 5

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | | |

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**Payment is to begin immediately.**

**Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future assets are subject to enforcement and may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

*Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, (8) costs, including cost of prosecution and court costs.*